UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| EMCASCO INSURANCE COMPANY<br><br>    PLAINTIFF,<br><br>VS.<br><br>AMATES, INC. d/b/a LAS MARGARITAS MEXICAN GRILL a/k/a MARGARITAS MEXICAN GRILL<br>    Serve: C. Mike Moulton<br>          Moulton & Long, PLLC<br>          58 Public Square<br>          Elizabethtown, KY 42701<br><br>AMATES II, LLC<br>    Serve: C. Mike Moulton<br>          Moulton & Long, PLLC<br>          58 Public Square<br>          Elizabethtown, KY 42701<br><br>    DEFENDANTS | *Filed Electronically*<br><br>CASE NO. 3:18-cv-478-RGJ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes the Plaintiff, EMCASCO Insurance Company ("EMCASCO"), by counsel, and for its Complaint for Declaratory Judgment against the Defendants, Amates, Inc., d/b/a Las Margaritas Mexican Grill a/k/a Margaritas Mexican Grill, and Amates II, LLC (hereinafter collectively referred to as "Defendants"), states the following:

## NATURE OF THE ACTION

1. EMCASCO brings this action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and obligations, if any, under EMCASCO Insurance Company Policy No. 5A6-10-09 ("Policy") issued to Amates, Inc., and Margaritas Mexican Grill

and Amates, LLC as additional insureds. A true and correct copy of the Policy is attached hereto as **EXHIBIT A**.

2. In this action, EMCASCO seeks a judgment declaring, among other things, that it is entitled to rescind the Policy pursuant to KRS 304.14-110 and/or that coverage under the Policy is precluded by virtue of various Policy provisions and exclusions.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1). There is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Court has personal jurisdiction over the Defendants.

4. Venue is proper pursuant to 28 U.S.C. § 1391, in that, on information and belief, the Defendants' principal place of business is within this district and a substantial part of the events giving rise to the claim at issue in this action occurred in this district.

5. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

## PARTIES

6. The Plaintiff, EMCASCO, is an Iowa corporation with its principal place of business in the State of Iowa and is authorized to do, and does, transact business within the Commonwealth of Kentucky. EMCASCO's principal place of business is located at 717 Mulberry St., Des Moines, Iowa, 50309. EMCASCO is deemed a resident of the State of Iowa for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332(c)(1).

7. The Defendant, Amates, Inc., d/b/a Las Margaritas Mexican Grill a/k/a Margaritas Mexican Grill (hereinafter "Las Margaritas"), is a Kentucky corporation with its

principal place of business in the Commonwealth of Kentucky and is authorized to do, and does transact business within the Commonwealth of Kentucky. Las Margaritas' principal place of business is located at 1306 N. Dixie Hwy, Elizabethtown, Kentucky. Las Margaritas is deemed a resident of the Commonwealth of Kentucky for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332(c)(1).

8. The Defendant, Amates II, LLC ("Amates") is a Kentucky limited liability company with its principal place of business in the Commonwealth of Kentucky and is authorized to do, and does transact business within the Commonwealth of Kentucky. Amates principal place of business is located at 100 Emerald Way, Elizabethtown, Kentucky. Amates is deemed a resident of the Commonwealth of Kentucky for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332(c)(1).

## FACTS

9. Amates is a Kentucky limited liability company and is owned and managed by its members Ignacio Roman and Yadira Roman.

10. Amates owns the real property located at 2400 S. Dixie Boulevard, Radcliff, Kentucky ("Property").

11. Las Margaritas is a Kentucky corporation, and Ignacio Roman is its president and sole shareholder.

12. Las Margaritas leased the Property from Amates and purportedly operated a Mexican family restaurant at the Property from approximately 2009 through 2017.

13. On or about January 27, 2016, Defendants, through Curneal & Hignite Insurance, Inc., sought a quote for insurance from EMCASCO.

14. On the same day, EMCASCO declined to provide a quote because insuring Las Margaritas involved risks that EMCASCO was unwilling to accept.

15. EMCASCO declined to provide a quote for insurance because the nature of Las Margaritas' business, as presented, did not meet its guidelines and/or its underwriting standards because it offered DJ entertainment, live music, dancing, karaoke, and high liquor sales.

16. On or about July 7, 2016, EMCASCO was asked to reconsider providing a quote for the Defendants since Las Margaritas no longer utilized the services of a DJ, live music, or karaoke and its liquor liability was placed with a surplus line.

17. On or about February 2, 2017, Las Margaritas submitted a signed application for insurance ("Insurance Application") through its agent, Curneal & Hignite Insurance, Inc., for, among other things, property protection, which covered fire loss. A true and correct copy of the Insurance Application is attached hereto as **EXHIBIT B**.

18. Ignacio Roman, on behalf of Las Margaritas, represented in the Insurance Application that: no prior policy of insurance for the Property had been cancelled; Las Margaritas was only a family restaurant; Las Margaritas did not offer DJ entertainment, live music, dancing, or karaoke; no claims had been made against Las Margaritas relating to sexual abuse or discrimination; and that Las Margaritas' liquor sales were 30% or less of its total gross sales.

19. On February 3, 2017, EMCASCO issued the Policy to Amates, Inc., and named "Margaritas Mexican Grill" and "Amates, LLC" as additional insureds.

20. On July 18, 2017, the Property was destroyed by an incendiary fire resulting in a total loss of the Property improvements and contents.

21. At present, the identity of the perpetrator of the incendiary Property fire is still unknown and the matter is still under investigation by the Bureau of Alcohol, Tobacco, Firearms

and Explosives ("ATF").  EMCASCO reserves the right to amend this Complaint upon completion of the investigation if necessary.

22. On June 18, 2018, Ignacio Roman made a claim for fire loss through his insurance agent, Curneal & Hignite Insurance, Inc., who submitted a notice of loss to EMCASCO on behalf of Mr. Roman.

23. The Policy provides $553,065.00 coverage for the building, $100,000.00 coverage for contents, and $100,000.00 coverage for business income subject to a $2,500.00 deductible. Coverages are afforded on a replacement cost basis subject to an 80% coinsurance clause applicable to real and personal property.

24. Las Margaritas seeks coverage for the total fire loss under the Policy and those damages are in excess of $75,000.00, exclusive of interest and fees.

25. Defendants' alleged loss is not a covered loss under the Policy because, *inter alia*, either one or both of the Defendants concealed or misrepresented material facts or circumstances, and/or engaged in fraudulent conduct and/or made false statements in the procurement of insurance, the Insurance Application and/or in the insurance claim.

26. Furthermore, the claimed loss is excluded under the Policy.

27. On information and belief, Defendants, which are the named insureds, dispute EMCASCO's coverage position.

## COUNT I

28. EMCASCO re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

29. Defendants represented in the procurement of insurance, the Insurance Application, and/or in the insurance claim that: no prior policy of insurance for the Property had been cancelled; Las Margaritas was only a family restaurant; Las Margaritas did not offer DJ entertainment, live music, dancing, or karaoke; no claims had been made against Las Margaritas relating to sexual abuse or discrimination; and that Las Margaritas' liquor sales were 30% or less of its total gross sales.

30. Ignacio Roman, Las Margaritas' designated corporate representative who signed the Insurance Application, provided an Examination Under Oath on January 4, 2018 and February 28, 2018 with respect to the fire loss.

31. Mr. Roman testified that the policy of insurance issued prior the EMCASCO Policy was canceled for non-payment in 2016.

32. Mr. Roman also testified that from 2016 through 2017, Las Margaritas operated more like a bar than a restaurant.

33. Additionally, Mr. Roman testified that neither prior to nor after the Policy was issued did Las Margaritas cease utilizing DJ entertainment, live music, dancing, or karaoke.

34. Further, court records and Mr. Roman's testimony indicate that a former employee filed a sexual discrimination lawsuit against Las Margaritas in the matter styled *Christie Lorenz v. Amates, Inc.*, Civil Action No.12-CI-02362, Hardin Circuit Court, Division III, 2012 and that matter was ongoing during the time of the Insurance Application.

35. Finally, Mr. Roman further testified that he made no effort to determine what percentage of his business at Las Margaritas was attributable to alcohol sales when he completed the Insurance Application, even though that information was readily and easily accessible.

36. According to Las Margaritas' business records, its alcohol sales were actually 46.98% of its total gross sales when Mr. Roman submitted the Insurance Application.

37. Pursuant KRS 304.14-110, the foregoing misrepresentations were material either to the acceptance of the risk or to the hazard assumed by EMCASCO, or EMCASCO in good faith would not have issued the Policy, or would not have issued it at the same premium rate, or would not have issued the Policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to EMCASCO at the time of procurement of insurance, or the Insurance Application.

## COUNT II

38. EMCASCO re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

39. In addition to KRS 304.14-110, the following provisions and conditions of the Policy apply and bar coverage in this case.

### COMMERCIAL PROPERTY CONDITIONS

### A. CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

   1. This Coverage Part;
   2. The Covered Property;
   3. Your interest in the Covered Property; or
   4. A claim under this Coverage Part
   [….]

40. Las Margaritas falsely represented that Las Margaritas was *only* a Mexican family restaurant, and concealed the fact that it functioned as a bar and nightclub.

41. Additionally, Las Margaritas falsely represented or concealed the true uses of the Property.

42. Specifically, the Property was used to provide DJ entertainment, live music, dancing, karaoke and it regularly functioned as a night club.

43. Las Margaritas' representations regarding its use of the Property were material misrepresentations of fact in EMCASCO's evaluation and determination to accept and insure the Property.

44. Upon information and belief, Las Margaritas, through Ignacio Roman, intentionally made the misrepresentations in order to procure coverage.

45. The foregoing misrepresentations were material either to the acceptance of the risk or to the hazard assumed by EMCASCO, or EMCASCO in good faith would not have issued the Policy, or would not have issued it at the same premium rate, or would not have issued the Policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to EMCASCO at the time of procurement of insurance, or the Insurance Application.

## COUNT III

46. EMCASCO re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

47. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the Policy.

48. EMCASCO has sustained damage as a result of either one or both of the Defendants' misrepresentations, concealments, false statements, and/or breach of Policy conditions in that EMCASCO has incurred substantial expenses for claim response, investigation, adjusting, evaluating, attorney's fees, expenses and costs, which continue to accrue. EMCASCO is entitled to recoup and/or recover said amount from Defendants.

49. EMCASCO reserves the right to deny any and/or all claims that have been made, or which may be made in the future, by one or more Defendants in this action, if EMCASCO later determines that such claims can be denied under any provision of any applicable insurance policies that existed between EMCASCO and Defendants, including, but not limited to, the terms, conditions, exclusions, and/or other policy provisions not specifically set forth herein.

50. EMCASCO specifically reserves the right to assert any term, condition, exclusion, and/or other provision of any insurance policy issued to Defendants as it may be applicable to any claim arising out of the facts of the underlying litigation by any individual and/or entity.

WHEREFORE, the Plaintiff, EMCASCO Insurance Company, prays the Court as follows:

1. For entry of a Declaratory Judgment from this Court determining the rights and other legal obligations of the Plaintiff, EMCASCO Insurance Company, arising under the aforementioned Policy in favor of EMCASCO;

2. Rescinding the Policy pursuant to KRS 304.14-110, declaring the Policy void *ab initio* and requiring EMCASCO to return any premiums paid by Defendants;

3. Declaring that Defendants' claims are excluded pursuant to the exclusions of the Policy;

4. For an award of its costs sustained herein, including reasonable attorneys' fees (if applicable);

5. For trial of this cause by jury; and,

6. For any and all other just and proper relief to which this Court may deem it is entitled.

Respectfully submitted,

WALTERS RICHARDSON, PLLC

/s/ Gary W. Thompson

John W. Walters
Gary W. Thompson
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:    (859) 219-9090
Facsimile:    (859) 219-9292
john@WMRDefense.com
gary@WMRDefense.com
COUNSEL FOR PLAINTIFF EMCASCO

7294.005932C:\NRPortbl\Golden_and_Walters\SUSAN\880292_1.docx